FILED
·SUPERIOR COURT
OF GUAM

2021 JUL -6 PM 2: 02

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, <br><br> vs. <br><br> **MARK FELIX aka Mark Mark Felix,** <br><br> Defendant. | CRIMINAL CASE NO. **CF0125-21** <br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Mark Felix aka Mark Mark Felix's ("Defendant") Motion for Acquittal as to Charge One and Charge Two – Count One. Defendant is represented by Assistant Alternate Public Defender Heather M. Zona, and the People of Guam ("the Government") are represented by Assistant Attorney General Sean E. Brown. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On May 12, 2021, a jury found Defendant guilty of the First Charge of Attempted Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and the Second Charge of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) – 2 Counts. The Court accepted the verdict of the jury and set the matter for Sentencing for July 28, 2021.

On May 18, 2021, Defendant filed a Motion for Acquittal as to Charge One and Charge Two – Count One. On May 19, 2021, the Government filed its Opposition, and on June 7, 2021, Defendant filed his Reply. The Court subsequently placed the matter under advisement.

*People v. Felix*
Case No. CF0125-21
Decision and Order

## DISCUSSION

Under Guam law, the Court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 G.C.A. § 100.10. The Court is to examine whether "the evidence presented at trial in the light most favorable to the People . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Song*, 2012 Guam 21 ¶ 27. *See also People v. Quinata*, 1999 Guam 6 ¶ 9. The Court "is concerned with the existence or nonexistence of evidence, not its weight." *Song*, 2012 Guam 21 ¶ 29. Accordingly, the Court "should grant a motion for judgment of acquittal when the evidence merely raises a suspicion that the accused is guilty. However, if there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, . . . the case was properly submitted to the jury." *Id.* (internal citation and quotation marks omitted).

In this matter, Defendant moves for a judgment of acquittal as to the First Charge and Second Charge – Count One based on insufficiency of the evidence regarding any involvement of the victim's "genital opening" or "primary genital area." (Mot. at 2). The Government opposes, arguing first that Defendant is moving for reconsideration of the Court's prior denial of acquittal during trial and that there are no merits for reconsideration; and second that the victim's testimony is more than sufficient to support the guilty verdicts. *See generally*, Opp'n, May 18, 2021.

The First Charge alleged as follows:

> On or about the 4th day of March, 2021, in Guam, MARK FELIX (aka Mark Mark Felix) did commit the offense of Attempted Third Degree Criminal Sexual Conduct (As a Second Degree Felony), in that he attempted to engage in sexual penetration with another, *to wit:* by attempting to insert his finger into the genital opening of *I.N. (DOB: 06/11/2005),* a minor of at least fourteen (14) but less than sixteen (16) years of age, in violation of 9 GCA §§ 13.10, 22.25(a)(1) and (b).

(Am. Indictment, May 12, 2021). The Second Charge – Count One alleged the following:

> On or about the 4th day of March, 2021, in Guam, MARK FELIX (aka Mark Mark Felix) did commit the offense of Fourth Degree Criminal Sexual Conduct

(As a Misdemeanor), when he did intentionally engage in sexual contact with another, *to wit:* by touching the primary genital area of *I.N. (DOB: 06/11/2005),* and used force or coercion to accomplish the sexual contact, in violation of 9 GCA § 25.30(a)(1) and (b).

*Id.*

Defendant sets forth that because the Victim testified that Defendant touched her "private area" but did not answer questions regarding what she meant by "private area," there is insufficient evidence to prove that Defendant touched her "primary genital area" or attempted to "insert his finger into [her] genital opening." (Mot. at 3). Defendant argues that "[b]ecause there were many reasonable interpretations as to [Defendant's] actions supporting [Defendant's] innocence, the jury was obligated to find the interpretation pointing to innocence and acquit." *Id.* The Government opposes,[1] arguing that the "Victim's testimony is more than sufficient, specially [sic] when combined with the highly compelling and supportive testimony of the other witnesses" and that "there are very limited areas on a female human body that are considered private and, at trial, the Victim was very specific about what private area she was referring to." (Opp'n at 3).

At trial, the victim, I.N., testified that Defendant touched her in her "private area." When asked questions regarding the part of her body her "private area" is, I.N. responded that it was in the front of her body, below her belly button, above her knees, and between her legs. I.N. further testified that Defendant used his hand to try to touch her between her legs; that she felt his hand inside her pants and "something was trying to go inside."

The First Charge includes the element of attempting to engage in sexual penetration by attempting to insert his finger into the genital opening of I.N. The Second Charge – Count One includes the element of engaging in sexual contact by touching the primary genital area of I.N. The Court finds that the testimony of I.N. along with the testimony of other witnesses would

---

[1] The Government also characterizes Defendant's Motion for Acquittal as a Motion for Reconsideration in light of Defendant's prior Motion for Acquittal after the Government's case in chief at trial. The Court declines to consider the Motion as a Motion for Reconsideration. Under Guam law, "[i]f a jury returns a verdict of guilty . . . a motion for judgment of acquittal may be made or renewed within seven days after the jury is discharged or within such further time as the court may fix during the seven-day period." 8 GCA § 100.30.

allow for a rational trier of fact to find these elements beyond a reasonable doubt. "While evidence of sexual penetration must be present, there are no magic words that need to be stated at trial. The element of penetration may be inferred based on the totality of the evidence." *People v. Enriquez*, 2014 Guam 11 ¶ 19. "[O]ften child victims do not have a intricate knowledge of their genitalia to sufficiently describe a sexual encounter. As seen in many cases, child victims will use general or slang terms when describing their genitalia during testimony. Although specificity when testifying is always preferable, a general description of the events does not necessarily defeat any possibility that penetration occurred." *People v. Mendiola*, 2014 Guam 17 ¶ 22 (internal citations omitted).

Further, "[i]t is not the province of the court, in determining [a motion for judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *Song*, 2012 Guam 21 ¶ 29 (citation omitted) (alteration in original). "When ruling on a motion for judgment of acquittal, the trial court is concerned with the existence or nonexistence of evidence, not its weight. . ." *Id.* *See also Quinata*, 1999 Guam 6 ¶ 14 ("It is the responsibility of the trier of fact, and not this court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."). "[T]his standard remains constant even when the People rely exclusively on circumstantial evidence." *Song*, 2012 Guam 21 ¶ 29 (citations omitted). Therefore, the Court finds that there was sufficient evidence for a jury to find Defendant guilty of the First Charge of Attempted Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and the Second Charge – Count One of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor), and denies Defendant's Motion for Judgment of Acquittal.

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Judgment of Acquittal.

**IT IS SO ORDERED** this ⎍⎍ day of July, 2021.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam